## CLARA KULIN v. MARGARET HELLER, EXECUTRIX OF WILLIAM HELLER, DECEASED.

Submitted December 5, 1902—Decided February 24, 1903.

1. In a suit brought by plaintiff to recover damages for breaking and entering her shop and carrying away her goods and chattels, the plaintiff requested the trial court to direct a verdict for plaintiff, which was refused. *Held*, no error, because it was a question for the jury as to the goods and chattels, and therefore the request was too broad. The request should have been to direct a verdict only as to damages to the real estate.
2. It was error to charge the jury that, to pass title from husband to wife, the bill of sale to S. must have been delivered to him in person and by him delivered to the wife.

---

On error to the Hudson Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, FORT and PITNEY.

For the plaintiff, *William S. Stuhr.*

For the defendant, *McDermott & Fisk.*

The opinion of the court was delivered by

VAN SYCKEL, J.   This suit was brought by Clara Kulin against William Heller for breaking and entering her place of business on the 28th of June, 1897, and carrying away her goods and chattels.

Pending the suit, William Heller died and his wife was substituted, as his executrix, as defendant in the case.

At the time of the alleged trespass, William Heller was sheriff of the county of Hudson, and, by virtue of an execution against Frederick Kulin, entered upon the premises specified in the declaration, and levied upon said goods and sold them as the property of said Frederick.

Clara Kulin claimed that the goods were her property and not the property of her husband.

Clara claimed to have acquired title to the goods from her husband, who was engaged in the butcher business.   After the alleged sale to her the business was continued in the same way as before the sale, and the judgment under which the goods were sold was recovered for articles sold to the husband for the business at the butcher's shop.

The trial court properly submitted to the jury the question whether the alleged sale to the plaintiff was an attempt to protect the property of the husband from seizure by his creditors, with instructions that if it was the property of the wife, she was entitled to recover the value of the goods.

The jury found a verdict in favor of the defendant.

The plaintiff testified that she owned the premises upon which the trespass was committed.

This testimony was erroneously overruled; but she was afterwards permitted to prove and offer in evidence her deed.

On the cross-examination of the plaintiff the trial court permitted certain questions to be asked, to which her counsel objected, but she replied that she did not know, and therefore she suffered no injury thereby.

The plaintiff testified that William Heller broke open the front door of her premises and came in.   This was overruled; but as she afterwards testified that she did not know William Heller, it was evidently hearsay, and therefore not competent.

The plaintiff requested the trial court to direct a verdict for the plaintiff, and assigns error for refusal to do so.

The plaintiff was not entitled to this direction for two reasons:

*First.* It was not proven that a trespass upon the plaintiff's land was committed by Heller or by anyone acting for him and under his authority.

*Second.* The request was general to direct a verdict.

As to the personal estate, it was a question for the jury, and therefore the request was too broad; it should have been a request to direct a verdict for the plaintiff for the alleged trespass on the real estate.

The counsel of defendant asked the trial court to charge that "if the bill of sale from Kulin to Suderly was not delivered to Suderly, as Mr. Stuhr says it was not, then Mrs. Kulin certainly acquired no title, because Suderly did not have either actual or constructive possession of the business."

In reply to this request the court charged as follows:

"The Court—I will charge you that, so far as the bills of sale are concerned, the husband cannot transfer directly to his wife; it must be done through a third party, and the third person then transfer it to the wife. You have heard the testimony on that point, that while the paper-title appears to pass from Mr. Kulin to Mr. Suderly, and then to Mrs. Kulin, it appears by the testimony that Mr. Suderly never had possession of the property, either actual or constructive, and never had possession of bill of sale to him. In addition to that it would not be necessary to make any paper-title at all where personal property is concerned, if there is an actual delivery and vendor takes it into her possession; but where property is not delivered and vendor does not take possession, it is necessary in order to protect the property from the creditors to pass a paper-title. There is no record that this title has passed, the bills of sale were not recorded, and you will take the testimony and ascertain whether or not the title did pass to Mr. Suderly and whether he ever had either actual or constructive possession so he could pass it to Mrs. Kulin; but

if the possession of the goods and chattels changed to vendee, title would not be necessary."

Exception was taken and error assigned.

The evidence of Stuhr, which was uncontradicted, is that a bill of sale of the goods from Frederick Kulin to Suderly and a bill of sale from Suderly to the plaintiff were executed in his presence for the purpose of conveying the title from the husband to the wife, and that when they were duly executed, both of said bills of sale were handed by him to the plaintiff.

The charge of the trial court left the jury to understand that, because the bills of sale were not actually delivered into the hands of Suderly and by him delivered in person to the plaintiff, no title passed to Suderly or to the plaintiff. That was a fatal error. The delivery by Stuhr was a delivery for the parties to the transaction.

The judgment below should be reversed.